(No. 21445.—

The People of the State of Illinois, Defendant in Error, *vs.* Tillie Gawlick, Plaintiff in Error.

*Opinion filed October 22, 1932—Rehearing denied Dec. 9, 1932.*

Alex M. Golman, and Benjamin M. Washer, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, William D. Knight, State's Attorney, J. J. Neiger, Alfred B. Louison, and Karl C. Williams, for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error, with one Joe Coziol, was convicted in the circuit court of Winnebago county of a charge of larceny of a fur coat of the value of $495. Coziol was sentenced to the penitentiary and plaintiff in error to the Women's Reformatory. She prosecutes this writ of error.

The errors argued are, the indictment does not charge a crime, failure of proof to support conviction, and error in the ruling of the court as to admission and exclusion of testimony and in instructing the jury.

The evidence rests upon the testimony of the People's witnesses. Neither plaintiff in error nor Coziol took the stand. The evidence shows that on the 30th day of October, 1931, in the Charles V. Weise department store, in the city of Rockford, the Husch Mercantile Company, a Missouri corporation licensed to do business in Illinois, conducted a fur department, and the furs therein displayed belonged to that company. On that day Coziol, plaintiff in error, and another woman unidentified in this record, entered this department and asked to be shown fur coats. Ida Olson, a saleslady, showed them a number of such coats. These coats were hung in a cabinet about fifteen feet in depth and wide enough to hang two parallel rows of coats, leaving an aisle about two feet in width between. As Ida Olson entered this cabinet she showed them a mink coat hanging the second or third from the door on the left side of the aisle and asked them if they were interested in a mink coat. They said they were not, and she then went to the back of the cabinet to get another coat, and on turning around found Coziol and plaintiff in error had entered the cabinet. She told them that customers were not allowed

in the cabinet, and they stepped out. Several coats were tried on the unidentified woman and for one of them Coziol offered to pay $150. Being told that the store did not cut prices the three left the store. A few minutes later the witness and the manager of that department checked over the coats in the cabinet and found that the mink coat, with the hanger on which it was kept, was missing. Stewart Johnson, the assistant manager, went to a near by fur store known as the Stewart Store, where he found plaintiff in error, Coziol and the other woman, who upon his arrival upon the floor in the Stewart Store immediately left. Johnson testified that he followed them several blocks and saw the unidentified woman leave plaintiff in error and Coziol. They engaged a taxicab to take them to Chicago and at Elmhurst were arrested and returned to Rockford. There is no testimony in the record that anyone saw plaintiff in error or Coziol or the unidentified woman in possession of the missing fur coat and it was not found in their possession, though the testimony of the character of coat worn by plaintiff in error and the manner in which she wore it tended to show that it was possible to secrete a fur coat of the character taken, under the folds of her coat. Carmen Memering, also a saleslady in this fur department, testified that while she was waiting on another customer she saw plaintiff in error standing with the coat which she was wearing thrown back from her shoulders and her arms extended and saw Coziol thrust his hand inside her coat and around at her side. She did not see what, if anything, he had in his hand at the time. The testimony showed the coat was of fine fur and soft and pliable. Testimony was also introduced, over the objection of plaintiff in error, of the theft by plaintiff in error and her companions of a fur coat in a store known as the Wortham Store on the same afternoon, and also of an attempt to steal a fur coat in another store known as the Stewart Store, and it is earnestly argued that the admission of that testimony was error.

As to plaintiff in error's first assignment of error—*i. e.,* that the indictment does not charge a crime of larceny because it does not specifically charge intent—it is sufficient to say that the indictment charges, in the language of the statute, the larceny of a fur coat. This is sufficient. *People* v. *Donaldson,* 341 Ill. 369; *People* v. *Lloyd,* 304 id. 23; *People* v. *Cohen,* 303 id. 523.

It is also argued that there is no proof of the *corpus delicti,* as there was no evidence in the record that the missing coat at the Weise store was stolen, the evidence being only that it was missing. As we have seen, the evidence is that the mink coat was in the cabinet in the Weise store when plaintiff in error, Coziol and their companion were present. It was gone when they left the store. The record shows that no other person than plaintiff in error, Coziol and the two salesladies entered the cabinet between the time the coat was shown to be there and the time when it was missing; that plaintiff in error stood near the cabinet with a very large coat thrown back, her arms extended and her hands inside her coat. Coziol was standing directly in front of her in the cabinet and put his hands inside plaintiff in error's coat. Circumstantial evidence is legal evidence and may be resorted to for the purpose of proving the *corpus delicti* as well as to connect the accused with the crime. (*People* v. *Gillespie,* 344 Ill. 290; 3 Greenleaf on Evidence,—16th ed.—p. 230.) The weight of the evidence was for the jury. There was sufficient proof of *corpus delicti.*

It is also argued that there is a variance, since the indictment charged the larceny of a fur coat and the proof showed that a mink coat, if any, was taken. It is a matter of common knowledge, of which courts will take judicial notice, that a mink coat is a fur coat. This objection is frivolous.

It is also argued that the court erred in restricting the cross-examination by plaintiff in error's counsel of the

State's witnesses. The record discloses no proper question on cross-examination which the witnesses were not permitted to answer.

It is also argued that the court erred in instructing the jury. The abstract does not show, or purport to show, all the instructions given and refused. Under this condition of the abstract we will not consider an assignment of error based on giving or refusing instructions. *People* v. *Terracco,* 346 Ill. 423; *People* v. *Ball,* 333 id. 104.

It is further argued that because there is no evidence in the record of the age of plaintiff in error the finding in the verdict that her age was about thirty-five years was unauthorized and erroneous. Since the enactment of the statute providing for the State Reformatory for Women, approved June 30, 1927, as amended, (Smith's Stat. 1931, chap. 23, par. 250,) any female person convicted of an offense punishable by imprisonment in the penitentiary is required to be committed to the State Reformatory for Women. The objection of plaintiff in error is without substantial merit.

Other objections are raised that are likewise without merit. The principal objection urged, however, is serious. That objection goes to the admission of testimony concerning separate, independent offenses which, though committed on the same day and within an hour or two of the one charged in the indictment, were, it is argued by counsel, separate offenses. This proof showed the theft of a fur coat in the Wortham Store and an attempt also to steal another fur coat in the Stewart Store. Plaintiff in error's counsel moved to strike such testimony from the record, and the motion was denied. The admission of this testimony was prejudicial error. The indictment charged the larceny of a fur coat owned by the Husch Mercantile Company, from the fur department of the Charles V. Weise store, of Rockford. The testimony as to the theft of a coat from the Wortham Store and attempted theft of a coat

at the Stewart Store was evidence of separate and distinct crimes not in any way connected with or tending to prove the crime charged in the indictment. The admission of such testimony is plainly erroneous. This court has so frequently announced the rule governing this question in the trial of criminal cases that such errors seem wholly unnecessary. It is argued on behalf of the People that this evidence was admissible because the circumstances showed that the fur coat in question was taken and the crime perpetrated by trick, fraud and by adroit acts, and the case of *People* v. *Simos,* 345 Ill. 226, is cited in support of this argument. That case has no application here. The charge there was conspiracy to do an illegal act, and proof of certain distinct, overt acts was held competent. The rule has long existed in this State, however, that proof of separate crimes wholly disconnected from the crime charged is erroneous. (*McDonald* v. *People,* 126 Ill. 150.) The charge in this case was larceny. No charge of conspiracy is to be found in the indictment or anything that tends to indicate that plaintiff in error was charged with the theft of another coat and the attempted theft of a third one, or any crime other than the larceny of one coat. The error in the admission of this testimony is of that prejudicial character requiring a re-trial of the cause. The rule recognized by courts generally, wherever the common law is in force, is, that evidence of a distinct, substantive offense can not be admitted in support of the offense charged, for, to the mind of the average person, proof that the accused committed a similar offense, or one equally heinous in character, tends toward the belief that he is guilty of the crime charged. *People* v. *Rogers,* 324 Ill. 224; *People* v. *Kohn,* 290 id. 410; *Williams* v. *People,* 166 id. 132.

For the above error this judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*