People of the State of Illinois, Defendant in Error, v. Helen Gleason and Thomas Gleason, Plaintiffs in Error.

### Gen. No. 48,719.

First District, First Division.

June 4, 1962.

William A. Cain, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County (John T. Gallagher, Dean H. Bilton, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendants were charged with larceny of a $125 suit from the Skokie store of Marshall Field & Company on April 30, 1960. A jury found them guilty and fixed their punishment at fines of $100 each and imprisonment of six months for Thomas Gleason and four months for Helen Gleason. From judgment and sentences based on the verdicts, defendants have prosecuted this writ of error.

In the course of testimony by state witnesses concerning commission of the offense of April 30, evidence was admitted over timely objections that defendants had also participated in a somewhat similar theft three weeks earlier* from the same department of the same store (at which time no one was apprehended), and that merchandise from both thefts was found in defendants' possession when they were caught by store detectives on April 30.

 The general rule, of course, is that the admission of evidence concerning a distinct substantive offense, in support of the offense charged, is sufficiently prejudicial to constitute reversible error. (People v. Gawlick, 350 Ill 359, 183 NE 217.)

The State concedes this rule, but argues for its corollary in this case, contending that the evidence of the earlier crime tended to establish a common scheme, plan or system embracing the commission of two or more crimes so closely related that proof of one tends to establish the other. (People v. Popescue, 345 Ill 142, 157, 177 NE 739; People v. Lehman, 5 Ill2d 337, 343, 125 NE2d 506; People v. Tranowski, 20 Ill2d 11, 16, 169 NE2d 347.)

---

* The testimony was to the effect that on both dates Thomas Gleason concealed a stolen suit by the simple expedient of carrying it under his coat on leaving the store.

■ We believe that the facts in this case require resolution of the conflict between the rule and the corollary in favor of the rule. There is no charge of conspiracy, and the two separate larcenies were not, in our opinion, related to each other in such a way as to remove them from the principle of the Gawlick case which happened also to involve two department store thefts of similar merchandise. (People v. Gawlick, 350 Ill 359, 183 NE 217.) The evidence concerning the earlier larceny should, therefore, have been excluded, and the error in failing to do so is accentuated by the fact that the jury was called upon to determine defendants' punishment.

The record shows, by the testimony of witnesses called by the court, that the courtroom was occupied by the jurors during their deliberations, and that from the time they retired until they reached their verdicts, two bailiffs were also present in the room. The bailiffs sat about ten rows of seats away from the jurors, and did not communicate with them during their discussions.

We have not the slightest doubt of the good intentions of the court, and no reason to suspect the bailiffs of attempting to control the verdicts in this case. Nevertheless, we consider the necessity for secrecy in the jury's deliberations to be of such great importance as to override the very best of good will in its infringement. The continuous presence of the bailiffs in the "jury room" may have had an effect never accurately ascertainable because perhaps not consciously known to the jurors themselves. The risk involved in such practice is far too great to be tolerated.*

---

\* Ill Rev Stats 1961, c 78, § 36 makes it a crime for any person to listen to or observe the proceedings of a petit jury of which he is not a member.

■■ We realize that a trial cannot be free from error. We realize also that when the proof of guilt is strong, as it is here,** routine errors will not ordinarily require reversal. But when the jury fixes the punishment, a stricter application of this principle is called for. (People v. Tranowski, 20 Ill2d 11, 17, 169 NE2d 347.) It is our conclusion, therefore, that the convictions should be reversed and the case as to both defendants remanded for a new trial.

Defendants have raised additional points concerning amendment of the informations, time of presentation of a written confession, the court's ruling on peremptory challenges, and the necessity for rearraignment. Since there is to be a new trial, and we presume there will, under the circumstances, be a rearraignment prior thereto, these matters need not be passed upon.

Reversed and remanded.

MURPHY, P. J. and BURMAN, J., concur.

---

** Defendants' own brief points out that there is no question of their presence at the scene of the crime, nor of their identity, and as to "design, motive or knowledge, the defendants were, in the parlance of the street, 'caught red handed' with the goods in their possession."