THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES L. BUTLER, Defendant-Appellant.

(No. 54743; ▮▮▮▮▮

First District—May 13, 1971.

*Rehearing denied June 3, 1971.*

300

Gerald W. Getty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Charles Butler, was charged with rape and robbery. After a jury trial, he was found guilty of rape and not guilty of robbery. He was sentenced to 10 to 25 years in the penitentiary. On appeal his sole contention is that the trial court committed reversible error by permitting the State to introduce evidence of another unrelated crime.

The prosecutrix testified that during the early morning hours of March 8, 1969, defendant passed her car from behind and his car struck her left front fender. Both cars stopped, and there was a brief discussion about the accident. She positively identified defendant as the driver of the other car, a red Mustang, and testified as to the license plate number. Defendant suddenly pushed her into her auto and bit her ear. Holding onto her ear with his teeth, he drove into a nearby alley and raped her. He also took her watch.

Two other young ladies testified concerning two other separate in-

stances which occurred in the early morning of the following day, March 9. Both women were driving alone, and an autoist, whom they identified as defendant, driving a red Mustang, attempted to curb their automobiles. Both women escaped, and the police were notified.

Officer John Marusich testified that on March 9 he and other officers were in pursuit of a red Mustang. They observed the automobile without anyone in it wedged against a telephone pole. As the officer drove through the neighborhood he saw defendant running between two houses. He arrested defendant and recovered keys which fit the Mustang in question. The automobile had been stolen on March 1, 1969.

Suzann Thompkins testified for the State that at about 5:00 A.M. on March 3, 1969, as she left her employment, she was robbed by a man with an ice pick in the adjoining parking lot. Her purse containing a paycheck was taken. She stated that the robber, whom she identified as defendant, left the scene in a maroon Mustang. Prior to Mrs. Thompkins being called as a witness, defense counsel objected on the grounds that she was going to testify concerning an unrelated crime which had occurred several miles from the instant crime and five days previous to it. After a hearing outside the presence of the jury, the trial judge ruled that, since defense counsel had indicated that defendant would deny ever having driven a Mustang, he would permit Mrs. Thompkins to testify.

Detective James O'Neil of the Chicago Police Department testified for the State that a check payable to Suzann Thompkins was found on defendant's person at the time of his arrest.

Defendant testified that he did not own and had never driven a Mustang. He denied committing the crime in question or any of the other acts testified to by the various State witnesses. He stated that he was arrested as he came out of a tavern in which he had been having a few drinks. Defendant, through a hotel clerk, also presented an alibi for the early morning hours of March 8, the time of the crime in question.

Defendant maintains that the trial court committed reversible error by allowing testimony into evidence concerning another distinct and unrelated crime. Defendant agrees that it would have been permissible to allow Mrs. Thompkins to testify that she saw defendant enter a Mustang on March 3. However he urges that it was inflammatory and prejudicial error to allow her to testify that defendant robbed her under threat of an ice pick, and to allow testimony that defendant had in his possession a check payable to her at the time of his arrest.

■■ The general rule is that the admission of evidence concerning a distinct substantive offense, in support of the offense charged, is sufficiently prejudicial to be considered reversible error. (*People v. Gleason* (1962), 36 Ill.App.2d 15, 183 N.E.2d 523.) Where testimony concerning

another crime has no value except to create an inference that the accused has committed the current crime, the other-crime testimony should be excluded. (*People v. Lehman* (1955), 5 Ill.2d 337, 125 N.E.2d 506.) Even though the crime may be relevant and material, when the nature of the crime is such as to highly inflame prejudice against defendant in the minds of the jury, the court will exclude evidence of the other crime. (See *People v. Ulbrich* (1963), 30 Ill.2d 94, 195 N.E.2d 180.) As was stated in 1 Wigmore, Evidence, 3rd ed., sec. 194, evidence of other crime is objectionable "not because it has no appreciable probative value, but because it has too much."

■■ On the other hand, Illinois courts have recognized exceptions to the general rule, and have held that evidence of the commission of other crimes by an accused, although ordinarily inadmissible, is permitted if relevant to establish identity, intent, knowledge, motive, a common scheme or design or a fact material to the issue on trial. (*People v. Scott* (1968), 100 Ill.App.2d 473, 241 N.E.2d 579; *People v. Scott* (1967), 82 Ill.App.2d 109, 227 N.E.2d 72.) Professor McCormick, Law of Evidence, Ch. 17 § 157, has stated that in determining the admissibility of other-crime evidence, it is necessary to weigh on the one side, the actual need of that evidence and its convincingness and strength, and on the other side, the "degree to which the jury will probably be roused by the evidence to overmastering hostility."

■■ In the instant case, in applying the various factors in favor of introduction of the other-crime evidence as against the degree of possible hostility against defendant by the jury, we find that the trial court erred in permitting the entire Thompkins testimony into evidence. As we have noted, in view of defendant's denial that he had ever driven a Mustang, it was permissible to allow her additional evidence linking him with a Mustang. And apparently it was for such limited purpose that the trial judge allowed her to testify. However, her additional testimony that she had been robbed by defendant at the point of an ice pick some five days prior to the crime charged and in a different part of the city could have been offered only to inflame the jury against defendant. It did not qualify under any of the exceptions to the general rule which we have already listed, and its introduction was prejudicial error.

In *People v. Fuerback* (1966), 66 Ill.App.2d 452, 214 N.E.2d 330, defendant was charged with armed robbery. He denied commission of the crime, and offered an alibi that he was with his mother at her apartment at the time of the robbery. In rebuttal a witness testified for the State that ten minutes before the robbery in question defendant was in her store looking around the premises. She further testified that an hour later defendant returned and robbed the store. This court held that it

was proper to rebut defendant's alibi by testimony that a witness saw him in her store some ten minutes before the crime in question was committed. However the court went on to say that the portion of the witness' testimony relating the defendant's alleged participation in a crime separate and distinct from that for which he was being tried was prejudicial error. Also see *People v. Case* (1966), 34 Ill.2d 530, 216 N.E.2d 805. Similarly, in the case at bar, that portion of the Thompkins testimony which charged defendant with a previous armed robbery was improperly introduced into evidence. Despite the strong evidence presented by the State, we find that the introduction of this improper testimony prevented defendant from obtaining a fair trial.

Accordingly, the judgment of the Circuit Court is reversed, and the cause is remanded for a new trial.

Judgment reversed and cause remanded.

DEMPSEY and McGLOON, JJ., concur.