The People of the State of Illinois, Plaintiff-Appellee, v. David Poe, Defendant-Appellant.

(No. 72-106; ▮▮▮▮▮▮▮▮▮▮

Second District—January 28, 1974.

John F. Graff, Public Defender, of Freeport, for appellant.

F. Lawrence Lenz, State's Attorney, of Freeport (James W. Jerz and Thomas Sullivan, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was indicted for dispensing and possessing the drug, cocaine, in violation of section 22—3 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, sec. 22—3). Before any evidence was presented by the State, Defendant stated that his defense was one of entrapment. The jury returned a guilty verdict and defendant was sentenced to a term of 2 to 6 years.

Defendant appeals, contending: (1) That the trial court erred in admitting evidence of defendant's prior misconduct relating to drugs and narcotics and, (2) that, therefore, defendant was denied due process of law and his "right against self-incrimination", in "having to" testify to defend himself against evidence of crimes for which he was not being prosecuted.

The State's case in chief consisted of testimony of two undercover agents of the Illinois Bureau of Investigation who stated they met the

defendant through an informant; that defendant agreed to sell one of the agents a pound of cocaine for $3,000, and that defendant dispensed to the agent a small amount of cocaine as a sample of the pound to be delivered later. The full pound was not delivered and it was for the dispensing and possession of the sample that defendant was prosecuted.

The agents also testified that on several occasions in the weeks preceding the day on which the defendant dispensed the cocaine, he sold or dispensed to the agents quantities of marijuana and agreed to sell quantities of amphetamines.

Two of the defendant's acquaintances also testified for the State that defendant also possessed several varieties of drugs and on one occasion, the defendant had dispensed drugs to one of these witnesses.

■■ It is this evidence of other drug related criminal offenses defendant contends was inadmissible. While generally evidence of other crimes is not admissible, such evidence may be admitted if it relates to a limited issue such as identity, motive, intent, design, course of conduct or common scheme. (*People v. Palmer* (1970), 47 Ill.2d 289, 293, 265 N.E.2d 627; *U.S. v. Rivera* (1971), 437 F.2d 879; *U.S. v. Jones* (1971), 438 F.2d 461.) In *People v. Dewey* (1969), 42 Ill.2d 148, 157, 246 N.E.2d 232, 236, the court stated:

> "Evidence which tends to prove a fact in issue is admissible even though it discloses that the defendant committed another crime, and evidence which establishes motive, intent, identity, accident or absence of mistake is admissible even though it may also involve proof of a separate offense."

When the defense of entrapment is invoked as it was in the instant case, "predisposition and criminal design become relevant." *People v. Gonzales* (1970), 125 Ill.App.2d 225, 232, 260 N.E.2d 234, 237; *People v. Outten* (1958), 13 Ill.2d 21, 25, 147 N.E.2d 284, 286.

The jury was specifically and properly instructed that evidence of other illegal activities by this defendant "has been received solely on the issue of the defendant's intent, motive and design" and "is to be considered by you only for the limited purpose for which it was received."

The fact that the evidence of other drug related activities related to what the defendant referred to as "soft drugs" as contrasted with the charge of dispensing cocaine (a "hard drug") did not prejudice the defendant. The fact is that defendant's predisposition to sell drugs of any kind was proven when it was shown defendant freely engaged in the drug trade on occasions other than when he dispensed cocaine to a person who turned out to be an undercover agent.

It should be noted in passing it was the defendant himself who related

much of the evidence of other criminal offenses. He testified he used and dispensed to his friends such substances as marijuana, LSD, amphetamines and others, all of which he referred to as "soft drugs."

The mere fact that offenses relating to the sale of marijuana are less serious than formerly is of no avail to defendant since he testified that he dispensed other "soft drugs" (*e.g.*, LSD and amphetamines) which are viewed as seriously as cocaine in the Controlled Substances Act. Ill. Rev. Stat. 1971, ch. 56½, sec. 1100 *et seq.*

■■ Defendant was not forced to testify, but did so voluntarily. He had the right to insist that the State prove him guilty beyond a reasonable doubt without himself taking the stand. Obviously, he hoped by taking the stand that he could persuade the jury to believe him and acquit him. The statement of other related crimes was properly admitted by the court.

Judgment affirmed.

T. MORAN, P. J., and GUILD, J., concur.