THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VERNON WATSON, Defendant-Appellant.

First District (2nd Division)   No. 76-1565

Opinion filed December 13, 1977.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant
Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patricia Bender and Larry L.
Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the
court:

Defendant was convicted of robbery (Ill. Rev. Stat. 1973, ch. 38, par.
18—1) and sentenced to serve a term of four to 12 years in the
penitentiary. This appeal presents the issue of whether reversible error
occurred as the result of the prosecutor's reference, during his opening
statement, to defendant's arrest on an unrelated armed robbery charge.

Only two witnesses testified at defendant's trial—the complaining
witness and the investigating police officer.

Mary Ryan, the complaining witness, testified that as she was walking
toward a train station near 96th and Wood Streets in Chicago at
approximately 7 a.m. on April 23, 1975, a man, whom she identified as the
defendant, came out from some basement stairs and approached her. The
man grabbed her arm, hit her in the side, pushed her to the ground, and
took her purse. He then ran away. The entire encounter took place in less
than two minutes. She testified that she had an excellent opportunity to
view her assailant during the attack and described him to the police as
being a black male, approximately 17 years old, about 5 feet 7 inches tall,

and weighing 145 pounds. She testified that she told police there was nothing remarkable about the assailant's appearance.

After the robbery, police investigator Doyle asked her to view a lineup at the police station. There were six black males in the lineup, but she did not identify any of them.

Thereafter Doyle visited Mrs. Ryan's home on three occasions, showing her a series of photographs of young black males. On the third visit she identified a photograph of the defendant.

Sometime after she had identified defendant from the photograph, Doyle asked Mrs. Ryan to go to a Chicago courtroom to see if she could again identify the man. Accompanied by her husband, she sat in the courtroom for approximately two hours as about 30 men were brought out of the lockup, one at a time, to be brought before the court. Finally, defendant was brought out and his name was announced. Mrs. Ryan then positively identified defendant. At trial she identified the defendant in the courtroom as the man she had seen at the scene of the robbery and in the photograph. She testified that Doyle had not given her the suspect's name prior to her hearing it in the courtroom that day.

Officer Doyle corroborated Mrs. Ryan's testimony as it related to the investigation. He testified that he arrested defendant in connection with another "incident" two months after the Ryan robbery at 95th and Wood Streets, about one block from the scene of the Ryan robbery; that defendant was not in the lineup Mrs. Ryan initially viewed; that his picture was not among the first two groups of pictures he had shown to Mrs. Ryan; that the pictures were not available for use at the trial because they were in the locker of his partner, who was then away on vacation; that two attempts to arrange a lineup after defendant's arrest were frustrated; that court rules precluded the conduct of a lineup in the initial courtroom; that he was not present in the courtroom when Mrs. Ryan identified defendant; that Mrs. Ryan's husband is a Chicago police officer, but that he was not aware of the name of the suspect prior to his identification by Mrs. Ryan; and that defendant's name was not on either the front or back of the photograph Mrs. Ryan had identified.

Defendant presented no evidence in his defense.

I.

Defendant was arrested for an armed robbery some two months after the robbery for which he was on trial. He was arrested about one block from the scene of the Ryan robbery. Prior to trial, defense counsel made a motion *in limine* to prevent the prosecutors from making any reference to, or presenting any evidence that defendant's arrest was for armed robbery. The trial court denied the motion.

During his opening statement, the prosecutor made the following statement:

"You will also hear [Investigator Doyle] testify that on the 29th of June, 1975, he had an occasion to arrest that man [indicating the defendant] approximately one block away from where Mrs. Ryan was robbed and will testify that man was arrested for armed robbery."

Defense counsel objected to the reference to an armed robbery and at a sidebar conference argued that it was highly prejudicial and moved for a mistrial. The prosecutor argued that the reference was necessary to "show the fact of the similarity of the area and to explain why Investigator Doyle took Vernon Watson's picture along with five others to Mrs. Ryan." The court denied the motion for a mistrial.

The prosecutor then resumed his opening statement. He apologized to the jury for the interruption and then stated:

"As I was saying, Investigator Doyle placed that individual under arrest for robbery that occurred approximately one block away from where Mrs. Ryan was robbed."

In spite of the representations in its opening statement, the state presented no evidence whatsoever that defendant was arrested for armed robbery or robbery. In questioning Doyle, the prosecutor referred to the circumstances leading to defendant's arrest only as an "incident." No evidence was presented that defendant was ever charged, indicted, tried, or convicted of the other offense. The court instructed the jury on the limited use of other crimes evidence, over the objection of the defendant.

On appeal, defendant contends first, that it was reversible error for the prosecutor to fail to present proof of the armed robbery to which he had referred in his opening statement. Secondly, defendant argues that any reference to the armed robbery was improper and does not fit within any of the exceptions to the general rule of the inadmissibility of such evidence. Thirdly, defendant argues that the only admissible evidence against the defendant was the identification testimony of Mary Ryan. Defendant maintains that identification resulted from suggestive police procedures.

In response to these contentions, the State insists that the evidence of the armed robbery was necessary to explain to the jury how Investigator Doyle came to consider defendant a suspect. Alternatively, the State contends that even if error occurred, it was harmless in view of the positive identification of the defendant by Mrs. Ryan.

Defendant cites a line of cases which support the proposition that evidence of other crimes is generally *inadmissible*, unless it fits within a recognized exception. The State cites another line of cases which hold that the exceptions are really the rule, and that evidence of other crimes is

generally *admissible*, except where relevant only to establish defendant's propensity to commit the crime charged.

In *People v. Oliver* (1st Dist. 1977), 50 Ill. App. 3d 665, 674-75, 365 N.E.2d 618, this court reviewed the use of other crimes evidence:

> "In the usual case, evidence of other crimes by the accused offered in support of the offense charged, is sufficiently prejudicial to be considered reversible error, especially where the only inference to be drawn from such evidence is that the accused had a propensity to commit the crime charged. (See *People v. Butler* (1st Dist. 1971), 133 Ill. App. 2d 299, 301, 273 N.E.2d 37; *People v. Gleason* (1st Dist. 1962), 36 Ill. App. 2d 15, 16, 183 N.E.2d 523; *People v. Dewey* (1969), 42 Ill. 2d 148, 157, 246 N.E.2d 232.) Such evidence is admissible only where it is so closely connected with the main issues in the case at bar as to tend to prove the accused guilty of the offense charged. (*People v. Tranowski* (1960), 20 Ill. 2d 11, 16, 169 N.E.2d 347, *cert. denied*, 364 U.S. 923, 5 L. Ed. 2d 262, 81 S. Ct. 290, 368 U.S. 978, 7 L. Ed. 2d 440, 82 S. Ct. 484; *People v. Lehman* (1955), 5 Ill. 2d 337, 125 N.E.2d 506.) Evidence of another crime is admissible if it fairly tends to place the defendant in proximity to the time and place of the offense charged, aids or establishes defendant's identity, tends to prove intent, knowledge, motive, a common scheme or design, or a fact material to the issue on trial. Even where it is relevant and material, when the nature of the other crime is such as to highly inflame prejudice against defendant in the minds of the jury, it should be excluded. (See *People v. Butler*, at 302, and citations therein.) The facts of each case must be examined to determine whether the evidence of another crime is sufficiently relevant to prove the accused guilty of the offense charged. *People v. Spencer* (1st Dist. 1972), 7 Ill. App. 3d 1017, 1021, 288 N.E.2d 612."

The prejudice to the defendant, despite assertions of the State to the contrary, is manifest. Initially it should be noted that the references were to an arrest, not the conviction of another crime. The only direct evidence against defendant was the testimony of Mary Ryan. While the testimony of one credible witness is sufficient to support a conviction, there is no way to assess the impact of the reference to the other armed robbery on the jury. There was no corroborating evidence in the instant matter—defendant was not found in possession of the proceeds, there were no admissions or confessions, etc. The issue at trial should have been solely Mary Ryan's credibility. Defendant challenged this credibility when he presented to the jury his theory that Investigator Doyle used subtle, but suggestive, procedures to obtain defendant's identification. We cannot speculate as to what the jury might have done absent the reference to the

armed robbery. However, as the supreme court stated in *People v. Donaldson* (1956), 8 Ill. 2d 510, 519, 134 N.E.2d 776: "Every defendant, be he a sinner or a saint, has the right to expect that his fate will be fixed with reference only to the circumstances of the crime with which he is charged."

The reference to the other alleged armed robbery does not fit within any of the exceptions to the general rule of inadmissibility of other crimes evidence. The lack of merit in the State's argument that such evidence was necessary to inform the jury why defendant's picture was shown to Mrs. Ryan is singularly self-evident. If this rationale were adopted, then the State would also be required to prove why it showed each of the other photographs to Mrs. Ryan. It is possible that, had Mrs. Ryan been cross-examined on the subject of the examination of the photographs and the number of visits by the officer, then this evidence, under proper circumstances, might be admissible. But we find no justification in the record for such evidence.

At trial, the State also suggested that because defendant was arrested only one block from the scene of the Ryan robbery, the evidence of the other armed robbery is admissible under the "proximity" exception to the general rule of inadmissibility. However, this exception is really a "proximity in time and place" exception. Defendant's arrest near the scene of the Ryan robbery two months later is not very probative of his guilt for that crime. In our opinion, the potential prejudice to the defendant clearly outweighs any probative value of such evidence.

The state suggests that *People v. Mordican* (1976), 64 Ill. 2d 257, 356 N.E.2d 71, is distinguishable. In *Mordican*, a prosecution for unlawful use of weapons, the State in its opening statement to the jury said that the police officers discovered the weapon while in the defendant's apartment to arrest him for armed robbery. Counsel for defendant, in his opening statement, attempted to explain that the defendant had been acquitted of that charge. The court sustained an objection so that the jury was not advised of that fact. The supreme court held that to be plainly prejudicial.

The distinction urged between the instant case and *Mordican* is that Mordican was acquitted of the other charge but was not permitted to present proof of his acquittal. This, in our view, is an artificial distinction. In *Mordican*, the court was concerned more with the overall prejudice to the defendant. Here, the prosecutor told the jury that he would prove that defendant was arrested for armed robbery. His second reference to the circumstances of defendant's arrest (that he was arrested for robbery) after the sidebar conference, served only to unduly emphasize the highly prejudicial inference that defendant, whether or not he robbed Mary Ryan, was involved in other criminal activities. He then elicited testimony from Investigator Doyle that defendant was arrested in connection with

another "incident." It cannot seriously be argued that the jury could not make the connection between the armed robbery referred to in the opening statement and the "incident" to which Doyle testified. In effect, the prosecutor, who was not subject to the test of cross-examination, was allowed to testify that defendant was arrested for a totally unrelated armed robbery. This highly prejudicial evidence was neither material nor relevant to any issue in this case. Its admission was therefore reversible error.

For the above reasons, the defendant's conviction is reversed and the cause is remanded for a new trial.

Reversed and remanded for new trial.

STAMOS and PUSATERI, JJ., concur.