THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RALPH N. DIAZ, Defendant-Appellant.

First District (3rd Division)    No. 78-1688

Opinion filed November 7, 1979.

Ralph Ruebner and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Armand L. Andry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged with armed robbery. A jury found him guilty of that crime and he was sentenced to 5 to 15 years. On appeal, defendant contends that he was denied a fair trial by the introduction of evidence concerning a subsequent, unrelated offense in which defendant was a participant; that the State improperly cross-examined a defense witness and that the trial court compounded the error by refusing to allow defendant to rehabilitate the witness; that the court erred in various rulings during a hearing on the motion to suppress identification testimony; and that the court improperly conducted *voir dire* examination.

On November 11, 1976, at about 10 p.m., two men, one of whom carried a gun, robbed a tavern located at 2620 West North Avenue in Chicago. The robbers took $300 from the register and a gun belonging to the tavern owner. The bartender and a patron testified at trial and identified defendant and Roberto Tosado as the robbers. Tosado carried a gun.

Defendant initially contends that he was denied a fair trial by the introduction of evidence of a subsequent, unrelated offense. He argues that the State improperly introduced detailed evidence of an armed robbery attempt of a pregnant woman.

Karen Zewinski testified that on November 12, 1976, at about 11 p.m., she was in her automobile near North and California Avenues in Chicago. Her friend, Laura Penerella, and Laura's baby were passengers. As Zewinski emerged from the vehicle, she was pushed by defendant, Tosado, and Sheila Rentus. Tosado placed a gun against her stomach and told her to "give it up." The prosecutor asked if she were pregnant at the time of the incident. When she answered affirmatively, the prosecutor elicited the information from her that she was seven months pregnant. Zewinski also testified that Tosado warned that if she did not want the baby "born with a hole in its head," she should go along. When Laura screamed, Tosado pointed the gun at her baby. Laura called out that the police were coming, and the trio walked away.

A police officer testified that after talking to Karen Zewinski he saw three persons matching the identifications she had given him. He arrested Rentus, Tosado and defendant. Rentus had the gun in her purse. The officer was informed that it was the same gun which had been taken from the tavern the previous evening.

■■ As a general rule, evidence of commission of crimes other than at issue is inadmissible (*People v. Gonzales* (1978), 60 Ill. App. 3d 980, 377 N.E.2d 91), unless the evidence is relevant in placing a defendant in proximity to the time and place of the presently charged offense (*People*

*v. Manzella* (1973), 56 Ill. 2d 187, 306 N.E.2d 16; *People v. Butler* (1975), 31 Ill. App. 3d 78, 334 N.E.2d 448), tends to prove a fact in issue (*People v. Poe* (1974), 16 Ill. App. 3d 805, 306 N.E.2d 900), rebuts an alibi defense, (*People v. Horton* (1966), 78 Ill. App. 2d 421, 223 N.E.2d 202), demonstrates a consciousness of guilt (*People v. Baptist* (1979), 76 Ill. 2d 19, 389 N.E.2d 1200), or tends to establish motive, intent, absence of mistake, identity, or a common design or scheme (*People v. Romero* (1977), 66 Ill. 2d 325, 362 N.E.2d 288; *People v. Toellen* (1978), 66 Ill. App. 3d 967, 384 N.E.2d 480). In determining the admissibility of evidence which informs a jury of a crime independent of or disconnected from the offense with which an accused has been charged, it is necessary to weigh the probative value and strength of such evidence against its probable prejudicial effects. (*People v. Oliver* (1977), 50 Ill. App. 3d 665, 365 N.E.2d 618; *People v. Butler* (1971), 133 Ill. App. 2d 299, 273 N.E.2d 37.) Where the prejudicial impact of evidence concerning an independent crime outweighs its probative value in establishing the guilt of the accused, the evidence shall be excluded. *People v. Cage* (1966), 34 Ill. 2d 530, 216 N.E.2d 805.

■ In the present case, the principal relevance of the testimony regarding the subsequent offense was that it showed the circumstances of defendant's arrest and that the weapon used was the one stolen during the commission of the crime at issue. Had the trial court limited the testimony concerning the subsequent armed robbery attempt to that evidence, the prejudice resulting to defendant would not have clearly outweighed its probative value. (See *People v. Mikka* (1955), 7 Ill. 2d 454, 131 N.E.2d 79.) Zewinski, however, over defendant's repeated objections, was permitted to give lengthy testimony as to the subsequent crime. Particularly, she gave detailed testimony of threats, not by defendant, but by Tosado against her and her unborn child, and of his threat to Laura's baby. The substance of her testimony was not "so closely connected with the main issue that it tends to prove the accused guilty of the crime for which he is being tried." (*People v. Wilson* (1970), 46 Ill. 2d 376, 381, 263 N.E.2d 856.) The prejudicial effect of the emphasis of the testimony concerning the subsequent offense is obvious and could have been offered only to inflame the jury against defendant. Defendant was prevented from obtaining a fair trial when not only the circumstances of his arrest and the recovery of the stolen gun were shown by the testimony, but when all the details of the subsequent crime, particularly Tosado's threats and Zewinski's physical condition, were also permitted to be introduced in evidence.

■ In view of our remand of the matter, we must comment on defendant's other assignments of error. Defendant contends that prejudicial error occurred when the prosecutor during cross-examination of

Tosado informed the jury that Tosado had stipulated during his plea of guilty to the tavern robbery that defendant was his accomplice, when in fact Tosado stipulated only that State's witnesses would testify that Tosado and defendant committed the present crime. Defendant argues that this error was compounded when the trial court refused to allow defense counsel to rehabilitate Tosado.

Tosado testified for defendant that on November 11, 1976, he, his brother and another man committed the present tavern robbery. Defendant was not present or involved.

On cross-examination, Tosado was asked whether, on the day before, during his plea of guilty proceeding, he had agreed that defendant and he held up the tavern. Defense counsel objected and stated that Tosado's counsel had announced at the plea proceeding that Tosado would not stipulate that defendant was involved in the tavern robbery. The trial court overruled defense counsel's objection and denied his request for a transcript of the Tosado plea proceeding. The prosecutor then cross-examined Tosado about his stipulation that defendant participated in the present robbery. The trial court subsequently sustained the State's objections to all the questions proposed by defense counsel to Tosado to clarify the nature of the stipulation.

At Tosado's plea proceeding, his attorney stated that Tosado would stipulate to all facts except the fact that defendant was with him. The attorney agreed that Tosado would stipulate that State's witnesses, if called, would testify that defendant had participated. Later in the hearing, in response to a question by the court as to whether he had heard the statement of facts read by the assistant State's Attorney and whether he understood he was admitting the truth of those facts, Tosado answered affirmatively. In view of that latter answer, we conclude that it was permissible to cross-examine Tosado about the stipulation. We believe the trial court erred, however, in not allowing defense counsel on redirect examination to examine Tosado with regard to his testimony at his own hearing on the previous day. The State concedes that defendant was entitled to attempt to rehabilitate Tosado, but maintains that the questions by defense counsel were leading and suggestive. Our examination of the record discloses that many of counsel's questions suffered such defects, but that objections to questions properly asked also were sustained. If the issue arises in the retrial of the cause, the trial court must allow defendant the opportunity to rehabilitate Tosado as a witness.

■ Defendant also complains that the trial court erred in several rulings during its hearing on defendant's motion to suppress identification testimony. We need not consider the issue because, even if the pretrial identification was suggestive, the record discloses that the in-court identification by the eyewitnesses was based on a source independent of

and uninfluenced by the alleged suggestive pretrial confrontation. See *People v. Johnson* (1973), 55 Ill. 2d 62, 302 N.E.2d 20.

Defendant's argument that the court erred in limiting the *voir dire* examination of prospective jurors is without merit. The examination was conducted in accordance with Supreme Court Rule 234. (Ill. Rev. Stat. 1975, ch. 110A, par. 234.) It was conducted properly.

For the reasons stated, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for a new trial in accordance with the views expressed in this opinion.

Reversed and remanded.

McGILLICUDDY and RIZZI, JJ., concur.