THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAY E. JONES, JR., Defendant-Appellant.

Fourth District    No. 4—91—0442

Opinion filed December 5, 1991.

Byron J. Sims, of Phelps, Kasten, Verticchio & Ruyle, of Gillespie, for appellant.

Vince Moreth, State's Attorney, of Carlinville (Kenneth R. Boyle, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On November 14, 1990, defendant, 23-year-old Raymond E. Jones, Jr., was charged with public indecency. It was alleged he was 17 years old or older and he knowingly exposed his penis in a public place and in a lewd manner with the intent to arouse his sexual desires. (Ill. Rev. Stat. 1989, ch. 38, par. 11—9(a)(2).) After a jury trial in Macoupin County circuit court on February 25, 1991, defendant was convicted of the public indecency charge. He appeals, arguing the court abused its discretion by denying his request for a mistrial because a

police officer's testimony which alluded to his previous police contacts prejudiced the jury. We disagree and affirm.

At defendant's trial, the 20-year-old female victim of defendant's alleged public indecency testified she was the only person in a Carlinville laundromat on November 12, 1990. She was a college student at Blackburn College in Carlinville and had gone there to do laundry at approximately 5 p.m. Defendant entered the laundromat and went into the rest room. According to the victim, approximately 10 minutes later, defendant exited the rest room, stood directly in front of her only two feet away, removed his penis from his sweatpants and began to masturbate. He was wearing blue sweatpants, a red and black flannel shirt, and white tennis shoes. Defendant's hair was short and spiked on top and long and curly on the sides. The victim rushed out of the laundromat and immediately reported the incident to Carlinville police. She testified the laundromat was well lit by long fluorescent bulbs. She had identified defendant as the perpetrator from a photo array and when he was brought to the police station for questioning about the incident. She testified defendant wore the same clothes the day he was questioned that he wore the day he publicly exposed himself.

The State's next witness was Carlinville police officer Bradley Vance, who investigated the victim's complaint and interviewed defendant. Officer Vance testified defendant was 23 years old and was born August 11, 1967. He explained he knew this from "information from the PD." Defense counsel objected and requested a mistrial, arguing the jury could be prejudiced by the suggestion defendant had previous police contacts. The trial judge sustained defendant's objection, but denied the motion for a mistrial. Officer Vance then testified defendant told him he was 23 years old when he interviewed defendant. Officer Vance also testified the victim identified defendant as the perpetrator from a photo array and later identified him at the police station.

Defendant called three witnesses who testified that on November 12, 1990, the date of the alleged public indecency, defendant was at his parents' home, where he lived. These witnesses also testified defendant did not leave home to go to the IGA store any time during that evening. They each recalled defendant returned home from work around 4:30 p.m. Defendant's mother testified she remembered defendant was home that night because he made dinner with his wife. She remembered this because she usually made dinner for the family, but could not because she was home ill all day. Defendant's wife also stated defendant was home the entire evening. However, she testified

defendant's mother returned from work that day around 6 p.m. Defendant's father also testified defendant was home the night in question.

Each of defendant's witnesses testified defendant owned blue sweatpants, but defendant's father testified the pants were light, and not dark blue. Defendant's father and mother testified defendant could not have been wearing a red and black flannel shirt on November 12 because on that day defendant did not own, or have access to, such a flannel shirt. His father loaned him a red and black flannel shirt to wear to work, but not until November 14. Officer Vance testified defendant was brought in for questioning about the incident on November 13, 1990, and was then photographed wearing a red and black flannel shirt, white tennis shoes, and blue sweatpants. Defendant's mother testified he was not brought in for questioning until November 14.

Although defendant's three witnesses each testified defendant did not leave the home between 6 p.m. and 6:30 p.m. on November 12, the State introduced rebuttal testimony by 23-year-old Paul Rutter, who had attended school with defendant since grade school. Paul testified he saw defendant, a woman, and a child at Harmon's IGA in Carlinville between 6 p.m. and 6:30 p.m. According to Paul, defendant was wearing the same attire the victim described the perpetrator as wearing shortly after 5 p.m. on the same day. After viewing the photo taken of defendant by the police, Paul stated this was the same clothing defendant was wearing at IGA. Defendant was wearing a red and black flannel shirt, white tennis shoes, and blue sweatpants.

The jury found defendant guilty of public indecency. (Ill. Rev. Stat. 1989, ch. 38, par. 11—9(a)(2).) Defendant filed a motion in arrest of judgment. The court denied defendant's motion and sentenced him to serve 364 days in the Macoupin County jail.

Defendant argues the trial court abused its discretion in denying his motion for a mistrial. He contends Officer Vance's statement that he knew defendant's age because the "PD" had that information prejudiced him by informing jurors he had previous police contacts.

The State initially argues defendant waived this issue by not raising it in a post-trial motion. It also argues no plain error occurred because Officer Vance's testimony was probative of a fact in issue and because the court struck the testimony about which defendant complains.

■■ To preserve an issue for appeal defendant must object at trial and in a post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130, *cert. denied* (1988), 488 U.S. 917, 102 L.

Ed. 2d 263, 109 S. Ct. 274; *People v. McCarthy* (1991), 213 Ill. App. 3d 873, 884, 572 N.E.2d 1219, 1226.) Defendant did not file a post-trial motion for a new trial pursuant to section 116—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 116—1). Instead, he filed a motion in arrest of judgment (Ill. Rev. Stat. 1989, ch. 38, par. 116—2), which the State correctly notes is limited to raising the issue that no offense was correctly alleged in the indictment, information, or complaint, or to argue the court lacked jurisdiction to hear the case. In *People v. Irwin* (1965), 32 Ill. 2d 441, 207 N.E.2d 76, the Illinois Supreme Court found defendant waived objecting to an improperly admitted confession, improper cross-examination, and prejudicial argument because he raised these objections in a motion in arrest of judgment rather than a motion for a new trial. (*Irwin*, 32 Ill. 2d at 445, 207 N.E.2d at 79.) Moreover, defendant waived the issue because he did not raise his objection in a post-trial motion for a new trial.

■ The State is also correct no plain error arose from the court's denial of defendant's request for a mistrial. Plain error arises only when the evidence is closely balanced or the error is so grave defendant was denied a fair proceeding. *People v. Whitehead* (1987), 116 Ill. 2d 425, 447-48, 508 N.E.2d 687, 695; *People v. Neal* (1985), 111 Ill. 2d 180, 196-97, 489 N.E.2d 845, 851.

The evidence here was not closely balanced. The victim of defendant's public indecency had ample opportunity to identify the perpetrator. Lighting in the laundromat was adequate for her to identify defendant. He stood directly in front of her and only two feet away from her while committing the act. The victim described the perpetrator's attire. She later identified defendant from a photo array and identified him in the police station.

In addition, Paul Rutter testified he saw defendant at IGA about an hour after the victim testified she arrived at the laundromat. Although defendant's mother, father, and wife testified he did not leave the house after 4:30 p.m. the evening of November 12, 1990, Paul's description of defendant as dressed in a red and black flannel shirt, white tennis shoes, and blue sweatpants supported the victim's description of defendant. The family relations between defendant and his alibi witnesses suggest the jury could reasonably have been skeptical of their testimony, which was also somewhat inconsistent. Defendant's wife testified defendant's mother went to work that day and returned around 6 p.m. However, defendant's mother stated because she was home all day ill, she knew when defendant arrived home and what he did after arriving home. In addition, testimony by Paul Rut-

ter, a disinterested witness who knew defendant since grade school, contradicted the testimony by defendant's mother, father, and wife that defendant was home on the evening of November 12, when the public indecency occurred.

Nor does the evidence show defendant was denied a fair trial. Officer Vance's statement was not so prejudicial as to require a mistrial. Defendant cites *People v. Diaz* (1979), 78 Ill. App. 3d 277, 397 N.E.2d 148, for his contention the court should have granted a mistrial because evidence which suggests a defendant has previously been involved with criminal activity should not be heard by a jury when its prejudicial effect outweighs its probative value.

The error in admitting improper evidence is generally cured by striking the evidence unless it is clear the prejudicial effect of the evidence cannot be removed from the jurors' minds. The decision about whether to grant a mistrial lies within the sound discretion of the trial court. Its decisions should not be disturbed unless defendant has been prejudiced by evidence erroneously admitted, but stricken from the record. (*People v. McKinney* (1990), 193 Ill. App. 3d 1012, 1017, 550 N.E.2d 604, 607.) Defendant in this case was not prejudiced by Officer Vance's testimony he obtained defendant's age from "PD" records. The court sustained defendant's objection. The evidence shows the jury could reasonably have found defendant guilty absent Officer Vance's testimony, which the court struck from the record.

■ Defendant also contends evidence concerning crimes unrelated to the one for which a defendant is presently charged is generally inadmissible and cites *People v. Walker* (1966), 34 Ill. 2d 23, 213 N.E.2d 552, and *People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489, as support. Defendant's previous criminal conduct is admissible if the evidence admitted proves a fact in issue. (*People v. Bean* (1990), 137 Ill. 2d 65, 107, 560 N.E.2d 258, 277, *cert. denied* (1991), 499 U.S. 932, 113 L. Ed. 2d 270, 111 S. Ct. 1338.) In this case, the State had to establish defendant was 17 years old or older. Because defendant's age was relevant to his conviction, evidence establishing his age was admissible. However, the trial court did not risk the potential prejudice Officer Vance's testimony that defendant's age was obtained from "PD" records might have posed to defendant's defense. Instead, the court sustained defendant's objection to this testimony. Officer Vance then testified defendant told him he was 23 years old.

It was within the court's discretion to strike the testimony and to deny defendant's request for a mistrial. Testimony by the victim of defendant's public indecency, along with testimony by Officer Vance

and Paul Rutter, adequately supports defendant's conviction. Defendant received a fair trial. He was not prejudiced by Officer Vance's stricken testimony.

We affirm defendant's conviction and sentence.

Affirmed.

GREEN, P.J., and McCULLOUGH, J., concur.