THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK W. BUTLER, Defendant-Appellant.

(No. 74-188; ▮▮▮▮▮▮▮▮▮▮)

Second District (1st Division)—July 30, 1975.

*Rehearing denied September 12, 1975.*

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Assistant Public Defender, of counsel), for appellant.

John J. Bowman, State's Attorney, of Wheaton (James F. Campion, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant appeals from his conviction of armed robbery after a jury trial and from his sentence of 4-12 years' imprisonment. He contends that detailed evidence of another crime (for which he had previously been tried and acquitted) heard in the present case over his objection prevented a fair trial; and that he was not proved guilty beyond a reasonable doubt. Alternatively he urges that the sentence is excessive. The issue of trial prejudice arises from unusual circumstances. Defendant was convicted of an armed robbery alleged to have taken place on November 14, 1972, at the Parkview Pizza location on Maple Avenue

in Downers Grove, where one Richard Smeeth was the acting manager. In a previous trial of Butler, the same Richard Smeeth had testified that defendant was the armed robber who had held him up on November 2, 1972, at the Parkview Pizza location on Main Street in Downers Grove where Smeeth was the regular manager.[1]

In the present case defense counsel was made aware that the State would seek to introduce evidence of the November 2 offense for the stated purpose of establishing the defendant's identity and thereby refuting his alibi defense to the November 14 charge. For that reason, prior to the calling of Smeeth as the first State's witness, defense counsel presented an *in limine* motion seeking to prevent the witness from introducing evidence as to the identification of the defendant in the previous armed robbery for which defendant was tried and found not guilty. The motion was denied. The judge stated, however, that he would permit an instruction limiting the testimony to the issue of identfication and further indicated that he would permit evidence which would advise the jury of the not-guilty verdict in the previous case.

Richard Smeeth testified that on November 14, 1972, he was temporarily in charge of the Parkview Pizza on Maple Avenue when, at approximately 11:15 p.m., the defendant entered the store. According to the witness's testimony, upon seeing the defendant Smeeth said, "You again?", and defendant answered, "I want all the money this time." Over defendant's objection the witness was then permitted to testify in detail as to the facts of the November 2 crime previously charged. He was permitted to describe the good lighting conditions at that time, the good opportunity to observe the defendant at close hand, the physical surroundings (using a chalkboard for illustration) and to describe what the alleged armed robber was wearing on the prior occasion.

The prosecutor then proceeded to question the witness as to photographs he had viewed. The witness testified that after the November 2 incident he identified the defendant from a group of some one "thousand" photographs. He indicated that the photograph he selected was of a person 4 years younger than the defendant but which nevertheless looked like him. He later learned that the photograph was taken of the

---

[1] Defendant was originally convicted on the November 2 armed robbery charge in a jury trial in which Smeeth's testimony included substantial reference to the November 14 incident. Because of the possible conflict of interest resulting from a family relationship between the trial judge and a police officer who played a minor role in the investigation of the offense a new trial on the November 2 charge was granted. It appears from the record that at the second trial, Smeeth did not testify as to the November 14 incident. As a result of this second trial defendant was acquitted of the November 2 offense. He was subsequently brought to trial on the November 14 charge.

defendant in 1968. The witness was then asked whether he had viewed any other photographs in connection with this case. He stated that on November 15 he identified defendant's photograph from six or seven given to him by a police officer. He further testified that he picked the defendant out of a lineup of four or five people a week or two after the November 14 robbery. The witness also made a positive in-court identification of the defendant.

On the record before us we must conclude that the trial court erred in permitting, over defense objection, the extensive inquiry into the details and circumstances of the separate crime alleged to have occurred on November 2.

■■ As a general rule, evidence of the commission of crimes other than those for which a defendant is being tried, is inadmissible unless the evidence is relevant in placing a defendant in proximity to the time and place of the presently charged crime, aiding or establishing identity, or tending to prove design, motive or knowledge. (*People v. Cage* (1966), 34 Ill.2d 530, 533. See also *People v. Wilson* (1970), 46 Ill.2d 376, 380-381; *People v. Brown* (1972), 3 Ill.App.3d 1022, 1024.) Such evidence, however should not be admitted unless it may be said that its probative value in establishing guilt outweighs its prejudicial effect. (*People v. Cage* (1966), 34 Ill.2d 530, 534; *People v. Butler* (1971), 133 Ill.App.2d 299, 301-02.) As a matter of substance, one writer has noted that the courts are stricter in applying standards of relevancy when the ultimate purpose is to prove identity than when the evidence is offered to show knowledge, intent or other state of mind. (McCormick on Evidence, ch. 17, at 452 (2d ed. 1972).) When evidence of other offenses is admissible on the question of identity it should be confined to such details as show the opportunity for identification and not the details of the crime. See *People v. Fuerback* (1966), 66 Ill.App.2d 452, 455; *People v. Butler* (1971), 133 Ill.App.2d 299, 302-03. *Cf. People v. Blakely* (1972), 8 Ill.App.3d 78, 83.

It is not sufficient that the judge merely determine that the evidence of the other offense comes within one of the exceptions to the general rule of inadmissibility, *i.e.*, identity. Rather, the actual need for the evidence must be considered in light of the relevant issues and the other evidence available to the prosecution and must be balanced against the prejudicial effect its admission will have upon the jury. The discretion permitted by this balancing test, however, does not permit the judge to depart from the general principle of inadmissibility. On the contrary, the leeway of discretion lies in the opposite direction, empowering the judge to exclude the evidence of other crimes even when the evidence has substantial independent relevancy if its probative value for this purpose is outweighed by the danger that the jury

will convict a man because it appears that he is of bad character and therefore probably committed the crime rather than because of the evidence of his guilt or innocence in the case on trial. McCormick on Evidence, ch. 17, at 453, 454 (2d Ed. 1972).

██ In this case, if the trial judge had permitted the occurrence witness Smeeth to relate only his spontaneous declaration ("You again") and defendant's reply thereto ("I want all the money this time"), we could sustain his exercise of discretion either on the basis that the conversation was a part of the narrative of the crime on trial or that it was relevant, as limited, to the question of identity. In either case the resulting prejudice would not clearly overbalance the probative value. However, the witness went far beyond this. Despite his ample opportunity to identify the defendant from the November 14 observation and his ability to make a positive in court identification, Smeeth went into a detailed description of the November 2 offense. The details were clearly unrelated to the crime in question and were unnecessary to establish identity. Their introduction raised substantial collateral issues which could easily have confused the jury, since both offenses involved the same alleged victim and the same named business. The jury would thus have been particularly subject to the possibility of convicting the defendant for complicity in both crimes rather than just the November 14 crime.

The prejudicial effect of this emphasis on the prior offense is obvious under all the circumstances. The instruction designed to limit the evidence of the November 2 crime solely to the issue of identity could not, in our opinion, have reasonably cured the prejudicial effect of the Smeeth testimony. Neither did the admission of evidence which advised the jury that defendant had been found not guilty of the prior offense obviate the resulting prejudice.[2]

---

[2] Defendant has argued that the evidence of the previous crime was inadmissible because of his acquittal on the former charge, and that testimony as to the former offense must also be inadmissible. Defendant reasons that because of a direct confrontation between identification and alibi in the former case the jury's verdict necessarily decided that the defendant was not involved in the earlier armed robbery. Defendant thus suggests that parallel principles of double jeopardy and estoppel by verdict should be applicable to prevent the testimony. (*People v. Haran* (1963), 27 Ill.2d 229.) We do not agree that principles of estoppel by verdict or principles of res adjudicata are applicable here. We think, however, that the defendant's acquittal of the earlier crime under the particular circumstances here must bear on the judge's initial determination of whether the evidence is convincing that the other crime was in fact committed by the accused, in balancing the desirability of allowing the evidence against its prejudicial effect. See McCormick on Evidence, ch. 17, at 453 (2d ed. 1972), on the broad question of whether evidence of other offenses which is otherwise admissible is rendered inadmissible because of acquittal on the prior offense. The majority rule is that the mere fact of acquittal does not render the evidence inadmissible. See Annot., 86 A.L.R.2d 1132 (1962).

82

For the reasons which we have stated the judgment of conviction and sentence is vacated and the cause remanded for a new trial. In this view, we do not consider the other issues raised by defendant.

Reversed and remanded.

GUILD and HALLETT, JJ., concur.