THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES COOK, Defendant-Appellant.

First District (4th Division)    No. 76-443

Opinion filed October 20, 1977.

Michael J. Goldstein, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Timothy Quinn, and Maria C. Cabrera, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The defendant, James Cook, was convicted of rape, deviate sexual assault, and armed robbery after a jury trial. The trial judge sentenced him to a 50- to 100-year term in the Illinois State Penitentiary.

The sole issue we need consider on review is whether or not the trial judge erred in allowing into evidence the testimony of a witness whom the defendant had previously been convicted of raping.

The facts of the case are the defendant was indicted, tried and convicted for the rape, deviate sexual assault and armed robbery of Patricia Watkins. Subsequently the defendant was tried in the instant case for the rape, armed robbery and deviate sexual assault of Agnes Hulede. Over the objection of the defense, the prosecution was allowed to call Patricia Watkins to the stand and have her testify as to the facts surrounding her rape, deviate sexual assault and armed robbery by the defendant.

■■ The prosecution argues the testimony of Patricia Watkins was admissible to show a "modus operandi" of the defendant. It has long been the rule in Illinois, evidence of other crimes is subject to the requirements of relevancy and materiality (*People v. Ulrich* (1963), 30 Ill. 2d 94, followed in many appellate court decisions). As recently stated in *People v. Butler* (1975), 31 Ill. App. 3d 78:

> "Such evidence, however should not be admitted unless it may be said that its probative value in establishing guilt outweighs its prejudicial effect." 31 Ill. App. 3d, 78, 80.

■■ ■ In the instant case, the testimony of Patricia Watkins had no relevancy or materiality to the case of Agnes Hulede. The comparisons of the two instances do not show such similarities so as to constitute a "modus operandi" of anyone. There are significant differences in both instances: (1) one attack took place outside and the victim was taken into a building, the other took place inside and the victim was taken outside the building; (2) one victim was first observed on a bus and stalked for a great distance, the other was accosted and attacked within a few feet; and (3) one victim was threatened with death, and the other was not. Taking the testimony of Patricia Watkins as a whole, there is only a vague similarity to the testimony of Agnes Hulede, which similarity is also common to many of the rapes which come to this court on review. The obvious effect in presenting the testimony was to inflame the jury against the defendant and to make the jury aware of the fact that the defendant had been convicted of a similar crime. This was argued at length by counsel for the defendant before the trial judge and outside the presence of the jury. The court was in error in allowing the Watkins testimony. It was prejudicial to the defendant and denied him his constitutional right to a fair trial.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.