THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STEVEN JOHNSON, Defendant-Appellant.

Second District No. 78-565

Opinion filed February 25, 1980.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

Theodore F. Floro, State's Attorney, of Woodstock (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

In a jury trial defendant, Steven Johnson, was found guilty of burglary and was sentenced to six years' imprisonment. On appeal he contends that he was prejudiced by the admission of evidence of another crime and by the trial court's refusal to admit into evidence a

blowup of one of defendant's fingerprints which was used by a State's witness during her testimony.

At trial, defendant was identified as a man who had briefly come to the door of the Patrick house on the morning of October 16, 1977. Mrs. Patrick and her daughter also described a car which they saw in the driveway while defendant was at the door. The Patricks went to church, and on their return that afternoon discovered that their house had been burglarized. On October 19, 1977, Roselle police stopped a car for a traffic violation; defendant was arrested in this car which was described at trial as being very similar to the one in the Patrick driveway when defendant came to the door; a number of items were found in the car which were identified at trial as having been taken from the Patrick home; other items found in the car were identified at trial as having been taken from another residence in an earlier burglary (hereafter, the Huff burglary); although defendant was a passenger in the car, he offered to sell to police a knife which was in the car and which was later shown to have been taken from the Patrick home; he also explained to police that a box of coins, later identified as taken in the Huff burglary, was present for use as tollway money. An expert witness testified at trial that a latent fingerprint taken at the scene of the Huff burglary was from defendant's left ring finger and a blowup of that fingerprint was admitted into evidence; defendant was not allowed to enter into evidence a blowup of another print of his left ring finger.

■■ Generally, evidence of acts of criminal misconduct by an accused are inadmissible if unrelated to the present charge (*People v. Romero* (1977), 66 Ill. 2d 325, 362 N.E.2d 288), although evidence of another crime may be admissible when it has substantial relevance in showing motive, identity, intent, absence of mistake or accident, or *modus operandi.* (*People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489.) However, such evidence should not be admitted unless its probative value clearly outweighs it prejudicial impact. (*People v. Sanders* (1978), 59 Ill. App. 3d 650, 375 N.E.2d 921.) The trial court's determination as to the admissibility of evidence of other crimes will not be reversed absent an abuse of sound judicial discretion. *People v. Funches* (1978), 59 Ill. App. 3d 71, 375 N.E.2d 135.

■■ The State argues that evidence of the Huff burglary was necessary to prove identity, in that it links defendant to the car in which he was arrested and which was seen in the Patrick driveway; the State also argues that evidence of the Huff burglary shows defendant's knowledge of the presence of the Patrick items in the car, since he had knowledge of other items in the car which had been taken in the Huff burglary.

We disagree. There was absolutely no need to use any association

defendant had with the car prior to the date of the Patrick burglary in an attempt to show identity. The issue of defendant's identity was sufficiently placed before the jury by the identification of defendant as the man at the door of the Patrick home on the morning of the burglary; that the car that was in the driveway when he came to the door of the Patrick home was "very similar" to the one he was arrested in by the Roselle police. Defendant's theory at trial that he was innocent passenger was rebutted adequately by the showing of his knowledge of the presence of the knife from the Patrick burglary which he offered to sell police. The issues of identity and knowledge were therefore properly placed before the jury solely by use of testimony regarding the events and items from the Patrick burglary; additional proof regarding an earlier, unrelated crime could only operate to prejudice defendant's right to a fair trial. In contrast, we see no probative value in the use of evidence of the Huff burglary in an attempt to show identity and knowledge regarding the Patrick burglary. In weighing the clear prejudice to defendant in admitting this evidence against the lack of probative value in proving defendant's participation in the Patrick burglary and that other relevant evidence existed for the proof of identification and knowledge, it was manifestly an abuse of discretion to admit evidence of the Huff burglary.

We need not reach the question regarding the blowup of the fingerprints, since this evidence also related to the Huff burglary and should be excluded on remand.

The verdict and judgment are reversed and the cause is remanded for a new trial.

Reversed and remanded.

LINDBERG and UNVERZAGT, JJ., concur.