THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SPENCER HARRIS, Defendant-Appellant.

Second District    No. 79-451

Opinion filed November 5, 1980.—Rehearing denied January 21, 1981.

VAN DEUSEN, J., specially concurring.

Mary Robinson and Marilyn Martin, both of State Appellate Defender's Office, of Elgin, for appellant.

William E. Sisler, State's Attorney, of Freeport (Phyllis J. Perko and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was charged by information in Stephenson County on March 14, 1979, with the September 14, 1976, armed robbery of an Associates Finance office in Freeport, Illinois. (Ill. Rev. Stat. 1977, ch. 38, par. 18—2(a).) At the time the complaint was filed, the defendant was serving a 14-year sentence imposed in Kane County on September 6, 1978, for robbery. Following a conviction by a jury, the defendant elected to be sentenced under the new sentencing act (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1), and was sentenced to the Department of Corrections for the maximum term of 30 years, to be served consecutively to the Kane County sentence.

The defendant contends that prejudicial error requiring reversal and remandment for a new trial occurred when the trial court admitted evidence of defendant's subsequent armed robbery of the same estab-

lishment almost three months later, for the purpose of establishing his identity. We do not agree and affirm the judgment of the trial court.

The record disclosed that on September 14, 1976, a black man, later identified as the defendant, entered the office of Associates Finance in Freeport and asked secretary-receptionist Julene Blair about getting a loan. As Blair proceeded to get some forms, the defendant moved toward the door, then turned around, displayed a handgun and announced a robbery. The defendant then walked with Blair to a back office where the office manager, Edward Foltz, formerly a Stephenson County deputy sheriff, was conversing with a friend. The defendant again announced a robbery and Foltz gave the defendant a sum of money from the cashier's drawer. The defendant put the money in his pocket, cautioned that he had a friend across the street, and instructed them to stay in the bathroom for five minutes. The police were called after about two minutes. Blair and Foltz described the perpetrator of the robbery to the police as a 35- or 40-year-old black male, approximately 170 pounds, wearing a dark blue leisure suit with white stitching. He had a slight growth of mustache and sideburns, and a rather pitted or pock-marked face. Based on the description, a Freeport police detective compiled a photographic lineup; however, these photos, none of which was of the defendant, were never shown to Blair or Foltz. A composite sketch prepared by an Elgin police officer based on a series of descriptions of unnamed individuals was shown to Blair and Foltz, but they were unable to make an identification therefrom. Blair apparently also attended a lineup in Peoria of five or six black men, none of whom was the defendant, but the date of this lineup was not given, nor did Blair make any identification as a result of the lineup. She did identify the defendant at trial, however.

Over defendant's objection, Blair and Foltz were permitted to testify that the same black man who had robbed them on September 14, 1976, robbed them again at gunpoint on December 6, slightly less than three months later. Once again, the defendant entered the office, saying he wanted a loan. He had on a knee-length checked trench coat, and Blair, recognizing him as the robber in the first incident, told him to sit down and began to walk back to Foltz' office. The defendant followed her, and announced a robbery. Foltz recognized the defendant "right off the bat," and exclaimed: "[N]ot again." He handed the money to the defendant and he and Blair headed back to the bathroom without being told to do so. The jury was instructed that the testimony about the December 6 incident was to be considered only for the purpose of identifying the defendant.

Foltz attended a lineup of eight persons in Elgin on May 8, 1978, about 1½ years after the last robbery. One of the persons in the lineup was 61 years old, six foot one inch tall, and balding. Another was very young and clean-shaven. All of the remaining persons in the lineup had some sort

of prominent facial hair except the defendant, who had a small mustache and no sideburns. *Foltz immediately identified the defendant as the robber in both of the incidents.* Blair apparently did not participate in the Elgin lineup, and Foltz additionally identified the defendant at the time of trial. Foltz testified he had reviewed a videotape of the Elgin lineup about 15 minutes before trial. The defendant's counsel was not present at the May lineup, nor was it established that the defendant had asked for a lawyer.

■■ Although the defendant filed a timely notice of appeal, he failed to file a post-trial motion pursuant to section 116—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 116—1). Some cases have held this failure constitutes a waiver of all issues that might be raised on appeal. (See, *e.g., People v. Hammond* (1977), 48 Ill. App. 3d 707.) We observe, however, that the defendant interposed timely objections to the introduction of the testimony he now calls error, and orally argued the grounds for his objection in chambers. We conclude that defendant thus has adequately preserved the issue for our review despite the lack of a post-trial motion. *People v. Madison* (1980), 81 Ill. App. 3d 471, 474.

We will therefore review the merits of the issue.

Evidence of crimes other than the one for which the accused is being tried generally is inadmissible. *(People v. Lindgren* (1980), 79 Ill. 2d 129.) Such evidence may be admissible, however, if it has substantial independent relevance which tends to prove either motive, intent, identity, absence of mistake, or *modus operandi* as to the offense being tried. *(People v. McDonald* (1975), 62 Ill. 2d 448.) But even highly relevant evidence must be weighed against its prejudicial impact on the jury, and this is a matter within the sound discretion of the trial court. *People v. Dumas* (1977), 49 Ill. App. 3d 756.

The defendant cites *People v. Butler* (1975), 31 Ill. App. 3d 78, and *People v. Johnson* (1980), 81 Ill. App. 3d 359, in support of his contention that the testimony about the December 6 robbery should not have been admitted. We find, however, that there are significant distinguishing features in this case which would support the discretionary ruling made by the trial judge in admitting this probative, albeit prejudicial, testimony.

The instant case involved a subsequent, rather than prior, offense. The charge against the defendant for the second armed robbery was dismissed by the State in view of the sentence imposed for the first robbery. Due to statements made by the defendant's counsel, the State anticipated an alibi defense would be asserted or, at least, that the issue of identity would be paramount at trial. An alibi defense was not asserted, nor did the defendant present any evidence, but the issue of identity was aggressively placed before the jury in cross-examination and opening and closing arguments. On two occasions prior to trial, the State announced its

intention to use the testimony concerning the second robbery in the instant case. Since none was filed, the defendant apparently chose not to utilize a motion *in limine* as a means of keeping the testimony out. The second offense involved the same two victims and the same office. The testimony about the second robbery was very brief, and only some of the details of the second robbery necessarily were brought out in the course of establishing that the witnesses recognized the defendant as being the same one in the first robbery. We consider the most significant facts to be that the first positive identification of the defendant did not occur until Foltz identified the defendant at the May 8, 1978, lineup, approximately 1½ years after the second robbery. Blair's first positive identification of the defendant did not occur until trial on May 22, 1979, approximately 2½ years after the second robbery. Although both Foltz and Blair evidently had a good opportunity to view the defendant during the first robbery in September of 1976, the unusually lengthy time delay between the occurrence and the first positive identification of the defendant would undoubtedly have seriously undermined the jury's belief in the recollective faculties of these witnesses without the probative testimony as to their identification of the perpetrator during the second robbery.

■■ Accordingly, we find the trial court did not abuse its discretion in admitting the testimony and no prejudicial error occurred.

The judgment of the circuit court of Stephenson County is affirmed.

*Judgment affirmed.*

NASH, J., concurs.

Mr. JUSTICE VAN DEUSEN, specially concurring:

While I concur in the result reached, I respectfully disagree with the reasoning followed by the majority in reaching that result. The single issue in this case is whether the trial court committed prejudicial error in admitting evidence of the defendant's subsequent armed robbery of the same establishment offered solely for the purpose of establishing his identity.

The majority opinion attempts to distinguish our holding in *People v. Butler* (1975), 31 Ill. App. 3d 78, upon which defendant relies, and finds that the trial court did not abuse its discretion in admitting this evidence for the purpose of establishing identity. I do not believe the grounds set forth by the majority constitute a valid basis to distinguish *People v. Butler*, and I therefore conclude that the trial court erred in admitting the testimony of the secretary Blair and the office manager Foltz concerning the details of the alleged second offense for the purpose of establishing identity.

116

As we stated in *People v. Butler*, "[w]hen evidence of other offenses is admissible on the question of identity, it should be confined to such details as show the opportunity for identification and not the details of the crime. [Citations.]" (31 Ill. App. 3d 78, 80.) The court in *Butler* further pointed out that the fact that the trial court is given discretion in admitting such evidence does not permit the judge to depart from the general principle of inadmissibility. 31 Ill. App. 3d 78, 80.

Blair testified that on December 6, 1976, as she was coming out of the manager's office and walking towards her desk, a 35-year-old black male, approximately 170 pounds, and wearing a dark checked trench coat entered and inquired about a loan and that she recognized him as the subject who had robbed them earlier in September. This testimony dealt with the issue of identity.

Blair was then asked whether the man in question displayed a weapon and what happened. She responded in substance that she walked back to the second office where the manager was seated and the defendant followed her. She then testified that the defendant said he was committing a robbery and wanted the money and further that Mr. Foltz went to the cashier drawer and collected the money and gave it to the subject who told them to go to the rear of the building and wait. This latter testimony deals solely with the commission of the second crime and, under our holding in *People v. Butler*, was clearly not admissible on the issue of identity; its admission for that purpose was error.

Similarly, the witness Foltz' testimony was not restricted to the issue of identity. Foltz was asked whether he had occasion to see the defendant again, to which he responded, "Yes, on December 6, 1976." He was then asked to describe what happened, and replied: "It was almost the same thing, handed him the money and we went to the bathroom." This latter testimony again deals solely with the commission of the second crime and has no bearing on the issue of identity, and it was error to admit it. It was only after the foregoing testimony was elicited that Foltz was asked further questions on the issue of identity. He was asked what his reaction was when he first saw the individual on December 6, 1976, and he responded that he said "not again" and that he recognized him "right off the bat."

Wholly separate and apart from the issue of whether the trial court abused its discretion, the admission of the testimony of Foltz and Blair concerning the details of the second offense was error because it was not relevant to the issue of identity. However, despite the fact that the admission of Foltz' and Blair's testimony concerning the details of the crime was erroneously admitted for the purpose of establishing identity, I do not find its admission to be prejudicial, since this evidence was properly admissible for another purpose, namely, *modus operandi* as to

the offense being tried. (*People v. McDonald* (1975), 62 Ill. 2d 448, 455.) Therefore, I agree that the trial court did not abuse its discretion in admitting the evidence. Nor was the defendant prejudiced by the instruction to the jury to consider the evidence solely for the purpose of identity. Such limiting instruction was favorable to the defendant. For these reasons, I concur in the affirmance of the defendant's conviction.