THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES DICKERSON, Defendant-Appellant.

First District (4th Division)   No. 81—1872

Opinion filed November 17, 1983.

Steven Clark and Susan Kaplan, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Bruce A. Cardello, and Adam Dabek, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, James Dickerson, was charged with three counts of armed robbery. The motion to *nolle prosequi* two counts was granted. Dickerson was then tried for one count of the armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a)) of Derrick Hayes, the assistant manager of a Church's Chicken restaurant. He was convicted by a jury and sentenced by the trial court to 12 years in the Illinois Penitentiary.

On appeal, defendant raises the following issues: (1) whether alibi evidence was properly excluded; (2) whether introduction of evidence of other crimes was proper; and (3) whether certain closing arguments by the prosecutor were improper.

We reverse and remand.

At a pretrial hearing on April 30, 1981, defense counsel presented a motion *in limine* to exclude evidence of (1) a pending charge for bail-jumping; (2) other robberies of Church's for which defendant was not formally charged; and (3) allegations concerning implications of involvement in a murder. After arguments by both sides, the motion was denied.

On June 19, 1981, five days before the scheduled date of trial, defense counsel filed notice of an alibi defense. The State objected on the ground that the untimely notice was prejudicial to its case. On June 23, the court heard and denied defendant's motion to produce three witnesses for an alibi defense. The ruling barred defendant's al-

ibi defense and the case proceeded to trial on June 25, 1981.

The facts, as summarized here, show that Church's Chicken restaurant, at 6301 South Woodlawn, in Chicago, was robbed twice, at noon and 9 p.m., on February 3, 1980. There was also evidence that the same restaurant had been robbed on January 7, 1980. Defendant was tried only for the robbery that occurred at noon on February 3, 1980.

On February 3, 1980, at approximately noon, Derrick Hayes, an employee of Church's restaurant, at the Woodlawn address, was robbed. The offender brandished a sawed-off shotgun and demanded money from Hayes. After Hayes gave the offender money from a safe, the offender then ran out the door. At approximately 9 p.m. on that same date, the same man returned to Church's, again brandishing a shotgun. He demanded and was given money from the cash register.

After each robbery, a description of the offender was given to the police by witnesses. After the noon robbery, the offender was described as a male, 5 feet 9 inches in height, weighing 140 to 150 pounds, dark complexioned with a facial rash, and clean shaven. He wore a beige trench coat and blue jeans. It is unclear whether the offender wore a cap. Following the 9 p.m. robbery, the offender was described as wearing a blue pea coat, blue pants and a blue cap.

On February 22, 1980, Chicago police officers Wheat and Johnson arrested defendant at 63rd Street and Woodlawn. Shortly after his arrest, defendant was identified by Derrick Hayes and other employees of Church's as the perpetrator of the robberies on January 7 and February 3, 1980. There was conflicting testimony as to exactly how the identification of defendant was carried out immediately after his arrest. Defendant was also identified in court as the offender.

According to Officer Wheat, defendant admitted committing two robberies on the same day (February 3, 1980) because it was so easy.

The jury found defendant guilty of armed robbery. Following a hearing in mitigation and aggravation, defendant was sentenced to 12 years' imprisonment.

Defendant contends the trial court's exclusion of his alibi defense was error. He argues, convincingly, that the trial court could have imposed a lesser sanction for his failure to make his alibi defense known earlier. Defendant argues that exclusion of his alibi defense was especially prejudicial since the State's case was based on identification testimony. Furthermore, there were numerous inconsistencies in the State's identification evidence, and thus presentation of the alibi defense was crucial to his case.

■ The State argues that defendant has waived this issue because of his failure to raise it in a written motion for a new trial. However, the waiver rule is a limitation on the parties, not on the court, and a reviewing court may ignore the rule to reach a just result. (*Augsburg v. Frank's Car Wash, Inc.* (1982), 103 Ill. App. 3d 329, 333, 431 N.E.2d 58, 61.) Accordingly, we will address the issue.

The State makes two arguments in support of its contention that exclusion of the alibi defense was proper. First, it argues that to allow defendant to proceed with his alibi defense, which was made known to the court only five days before trial, would be prejudicial to the State's case. There was not enough time prior to trial to locate and interview the witnesses and to investigate the defense. Second, the State contends the identification testimony was so overwhelming that it rendered exclusion of the alibi defense harmless even if the court erred in excluding it. We find the State's position untenable and accordingly reject it.

Supreme Court Rule 415(g) provides as follows:

"(i) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other order as it deems just under the circumstances.

(ii) Wilful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanctions by the court." (87 Ill. 2d R. 415(g).)

Under Rule 415(g), the trial court has a choice of sanctions which may be imposed upon the offending party. *People v. Williams* (1977), 55 Ill. App. 3d 752, 757, 370 N.E.2d 1261, 1265.

The Committee Comments to Rule 415(g) state in part:

"Rather than attempt to provide specific sanctions for specific violations, the Committee deemed it wise to leave the sanctions to the discretion of the trial court. *** *If justified, under the circumstances, the court may exclude evidence which a party has failed to disclose under applicable discovery rules. The Committee felt that such a device is a useful sanction, and that even though some problems may arise in applying it against the accused, the sanction can be applied in some situations.* *** *The sanctions listed are not exclusive.*" (Emphasis added.) Ill. Ann. Stat., ch. 110A, par. 415(g), Committee Comments, at 709 (Smith-Hurd 1976); *People v. Williams* (1977), 55 Ill. App.

3d 752, 757.

We do not believe that this was the type of situation contemplated by the Committee as one which warrants imposition of the strictest sanction. In the instant case, there was evidence that defendant and his counsel did not have a good working relationship. Defense counsel was only informed of the alibi defense approximately five days before trial, and he immediately informed the court. According to defense counsel, defendant was under a misapprehension that his lawyer was not to be trusted and that early disclosure of his alibi defense would weaken his case.

The basic purpose of a trial is the determination of the truth. (*Tehan v. United States ex rel. Shott* (1966), 382 U.S. 406, 416, 15 L. Ed. 2d 453, 460, 86 S. Ct. 459, 465.) Thus, the purpose of sanctions is to compel discovery of the truth rather than to punish. *People v. Jackson* (1977), 48 Ill. App. 3d 769, 771, 363 N.E.2d 392, 394.

■ The trial judge ordered the State to make a good-faith attempt to conduct its investigation of the witnesses and report to him one day before trial. On that day, the prosecutor informed the court that since the witnesses were not within the city or the county, it would be unduly burdensome for the State to conduct an investigation. He did not suggest that any attempt had been made. The State has not stated how defendant's alibi could or would have prejudiced its case. Instead, the State simply contends that it would be a "dangerous precedent" for the trial judge to have imposed any sanction other than exclusion of the defense. The cases cited by the State do not bolster its position under these facts. Accordingly, we reject the State's argument. In our view, the facts of this case are such that the purpose of Supreme Court Rule 415(g) was not served by the sanction imposed. The effect was to deny defendant his right to present a defense. This was not and is not the intent of the rule. The better approach would have been to allow a continuance so that both parties could investigate the defense and interview witnesses. We note that defense counsel had not himself had an opportunity to interview the witnesses at the time he informed the court of the alibi defense.

The State also makes an alternative argument that even if the alibi defense was improperly excluded such exclusion was harmless and does not rise to the level of reversible error.

In a criminal case such as this, the burden of persuasion is upon the State to establish *beyond a reasonable doubt* that exclusion of the evidence would not affect the outcome of the case. (See *Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) We cannot conclude beyond a reasonable doubt that the admission of

defendant's alibi evidence would not have affected the outcome of the case.

The jury was charged with determining the credibility of the witnesses. Assuming, *arguendo*, that the excluded alibi witness had testified and the jury had determined that the testimony was believable, logic would compel them to also conclude that defendant was not at the scene and could not have committed the crime.

Accordingly, the State's argument of harmless error must fail. We find that the exclusion of defendant's alibi defense was improper. Further, we believe that the exclusion was so prejudicial that it is necessary to reverse and remand for a new trial.

The next issue raised by defendant is whether the trial court erred in allowing evidence of crimes other than the one for which he was being tried. He argues that the evidence in question did not fall within any of the exceptions to the general rule barring evidence of other crimes and was therefore erroneously admitted.

Prior to trial, the defense presented a motion *in limine* in an attempt to exclude the evidence of two additional robberies. The State argued that the evidence was admissible to prove *modus operandi* as well as to establish the identity of defendant. On appeal, the State points out that the evidence of other crimes was admissible because the similarities between the crimes were such that it fell within the *modus operandi* exception. The State also points out that in order to establish certainty of identification it was important to show that the witnesses had had previous opportunities to observe defendant.

As a general rule, the evidence of crimes other than the one for which the accused is being tried is not admissible. (*People v. Mc-Donald* (1975), 62 Ill. 2d 448, 455, 343 N.E.2d 489, 492.) Specifically, evidence of a defendant's misconduct which is similar to the conduct constituting the crime at issue is not admissible to create an inference of guilt or to show the propensity to commit a crime. (*People v. Barbour* (1982), 106 Ill. App. 3d 993, 1001, 436 N.E.2d 667, 673.) There are exceptions to this rule, and "[e]vidence which tends to prove a fact in issue is admissible though it may be evidence showing that the accused has committed a crime other than the one for which he is being tried, and evidence which goes to show motive, intent, identity, absence of mistake or *modus operandi* is admissible though it may show the commission of a separate offense." *People v. McDonald* (1975), 62 Ill. 2d 448, 455.

To be admissible under the *modus operandi* exception, the crimes must share peculiar and distinctive features that are strikingly similar (*People v. Middleton* (1976), 38 Ill. App. 3d 984, 989, 350 N.E.2d 223,

228), and there must be substantial connecting links between the different offenses (*People v. Tate* (1981), 87 Ill. 2d 134, 142, 429 N.E.2d 470, 475). There must be some distinctive features that are not common to most offenses of that type. 87 Ill. 2d 134, 143.

■ In this case, we find no such striking similarity between the three robberies. We do find that what the State characterizes as similarities are only generally similar and in fact common to many robberies. Illustratively, the prosecutor's argument on the motion *in limine,* that defendant "proceeded with great vigor directly to the cash register with a pure motive of obtaining cash," does not support the State's position. Instead, that statement could be applicable to any one of the multitude of armed robberies committed in Cook County each year.

The State argues alternatively that evidence of the other offenses was properly admitted to identify the offender. The police reports establish that the descriptions of the offender in each of the three crimes brought out at trial were quite similar, thus suggesting that one person committed all three crimes.

Generally, evidence of other crimes is inadmissible unless such evidence is relevant in placing the defendant in proximity to the time and place of the crime in question, or to establish identity, design, motive or knowledge. (*People v. Butler* (1975), 31 Ill. App. 3d 78, 80, 334 N.E.2d 448, 450.) However, proper application of this general rule requires the sound discretion of the trial judge, for the probative value of the evidence must outweigh its prejudicial effect.

The actual need for the evidence must be considered in light of the relevant issues and other evidence available to the prosecution. The evidence should be limited to those details necessary to identify the offender, the purpose of the evidence being to identify not to attack the character of the accused. Further, some courts have applied a more demanding standard than mere relevance for the admission of evidence of other crimes. (See *People v. Butler.*) All of these factors should be applied during a retrial of this case.

In light of this court's decision to reverse on other grounds, a ruling on this issue is unnecessary and judicial restraint counsels against issuing such a ruling other than the guidelines set down herein which should aid the trial court in ruling on the issue during a retrial.

Defendant also argues that a certain remark made by the prosecutor during closing argument was a comment on defendant's failure to testify and was thus a violation of his constitutional right not to testify. We note that no objection was made by defense counsel at the time of the statement. Since it is unlikely that this will recur in a new

trial, and in light of our ruling on the other issues, we find it unnecessary to address this issue.

For the foregoing reasons, this case is reversed and remanded for a new trial.

Reversed and remanded.

ROMITI, P.J., and JIGANTI, J., concur.