OPINION OF THE COURT
Joseph Fisch, J.
Defendant was indicted for the crimes of rape, kidnapping and related offenses based on allegations that he and codefendant, Monique Jackson, kidnapped a 12-year-old girl (com *633 plainant), raped her and forced her to engage in acts of prostitution. While the defendant was incarcerated pending these charges, the complainant was allegedly kidnapped by defendant’s mother and three others. The People allege that said kidnappers brought the complainant to a diner where she received a telephone call from defendant, who told her to accompany her captors. The People further allege that the complainant was then taken to motels in New Jersey where she was guarded by members of the defendant’s prostitution ring, following which she was taken to Omaha, Nebraska, and then to Des Moines, Iowa. In December 1992 the Bronx District Attorney’s Office supplied information to out-of-State authorities, enabling them to locate and rescue the complainant and return her safely to New York. The People moved, pursuant to People v Ventimiglia (52 NY2d 350, 359 [1981]) for a ruling permitting them to adduce evidence on their direct case concerning the second kidnapping on the ground that, inter alia, it is "other crimes” evidence admissible as so probative of identity and a common scheme or plan that the probative value outweighs its potential for prejudice under the "Molineux doctrine” (People v Molineux, 168 NY 264 [1901]) and that it evidences consciousness of guilt.
The People concede that in order to admit evidence of an uncharged crime, they must prove the defendant’s involvement by clear and convincing evidence. (See, People v Robinson, 68 NY2d 541 [1986].) Defense counsel contends that not only would the evidence of the alleged second crime be unduly prejudicial, but that it is not, per se, within the exceptions under People v Molineux (supra). Further, the defense argues that the fact that the People have not seen fit to indict the defendant for the alleged second crime establishes that their evidence of the same is insubstantial. The court concludes, for the reasons set forth herein, that if the People can establish, outside of the presence of the jury, clear and convincing evidence of defendant’s involvement in the second kidnapping, the court will admit this evidence on the People’s direct case with appropriate cautionary instructions. (See, People v Robinson, supra, at 550, citing 1 CJI[NY] 12.20.)
I. MOLINEUX RULE APPLIES TO EVIDENCE OF SUBSEQUENT CRIME AGAINST SAME VICTIM
The rule excluding evidence of other uncharged crimes committed by a defendant, the "Molineux doctrine” (People v Molineux, 168 NY 264 [1901], supra), is not absolute.
*634 Although most cases involving the Molineux doctrine are concerned with the admission of evidence of unrelated crimes which the defendant allegedly committed before the crime for which he stands charged, the principles are equally applicable to evidence of crimes allegedly committed by defendant after the crime for which he or she is tried. (See, e.g., People v Dupree, 110 AD2d 777 [2d Dept 1985]; People v Powell, 107 AD2d 718 [2d Dept 1985]; People v Gines, 36 NY2d 932 [1975].) As the New York Court of Appeals stated in People v Ventimiglia (52 NY2d 350, 359 [1981], supra): "There is no litmus paper test for determining when the probative value of the evidence outweighs its potential for prejudice. Attempts to categorize situations in which evidence of prior crime is admissible have yielded Molineux’s well-known listing (168 NY, at p 293) of XI) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial’, but even that listing is acknowledged to be 'merely illustrative’ (People v Vails, [43 NY2d 364, 368 (1977)]) and 'not exhaustive’ (People v Santarelli, 49 NY2d 241, 248 [1980]) or capable of statement with 'categorical precision’ (People v Molineux, supra, at p 293).”
There is a relatively small body of decisional law in New York involving the introduction on the People’s direct case, of evidence of other crimes committed against the same victim. However, the law is clear, both in New York and sister States, that evidence of a subsequent crime against the same victim may be highly probative of identity and a common scheme or plan directed against the same victim. In People v Grant (104 AD2d 674 [3d Dept 1984]), the Appellate Division, Third Department, held that in the trial of a defendant for coercing a women into acts of prostitution in Albany County, the People on their direct case were properly permitted to adduce the complainant’s testimony that after the crimes charged in the indictment, the defendant forced her to engage in other acts of prostitution in New York City. The Court noted in Grant (supra, at 674-675) that "where the charged crimes are not single instance crimes, such as robbery, assault or rape, but crimes that cover a lengthy period of time during which the defendant subdues the victim’s will through physical force, *635 intimidation and fear, evidence of such crimes is highly probative of the charged crime and outweighs the potential prejudice to the accused (People v Ventimiglia, [supra]; People v Allweiss, 48 NY2d 40, 47 [1978]) * * * "[T]he evidence of uncharged crimes both prior and subsequent to the date of the charged crimes was highly probative to show defendant’s intent, motive and common plan, scheme or design to commit the crimes of promoting prostitution and coercion (People v Molineux, supra, p 291).”
II. EVIDENCE OF OTHER CRIMES AGAINST SAME victim; national overview
In other States, the rule governing the admissibility of other crimes evidence, whether based in case law or codified by statute is substantially the same as New York’s Molineux doctrine. Under this rule, out-of-State courts have admitted evidence of prior or subsequent crimes directed against the same victim, even though the defendant was not indicted for these crimes. A condition precedent to admission of evidence of a subsequent crime directed against the same victim is the trial court’s determination of its reliability and relevance to the issues in that State’s Molineux equivalent.

(a) Other Crimes Evidence Against Same Victim Admitted as Probative of Identity

Sister States admit evidence of other crimes directed against the same victim as highly probative of identity, whether these other crimes were committed before or after the crime for which the defendant is standing trial. (See, e.g., Green v United States, 580 A2d 1325 [DC Ct App 1990] [where the District of Columbia’s Drew rule, derived from Drew v United States (331 F2d 85 [1964]), permitted as probative of identity, the introduction on the Government’s direct case of evidence of prior crimes committed against the victims of murder and assault with intent to kill]; to the same effect see, Hill v United States, 600 A2d 58 [DC Ct App 1991]; Hazel v United States, 599 A2d 38 [DC Ct App 1991]; Weathersby v State, 262 Ga 126, 414 SE2d 200, 202 [1982]; Kilgore v State, 251 Ga 291, 305 SE2d 82 [1983], citing OCGA § 24-9-20 [Code Ann §§ 38-415, 38-416]; Adcock v Commonwealth, 702 SW2d 440 [Ky 1986], citing Arnett v Commonwealth, 470 SW2d 834 [Ky 1971]; Bevers v State, 811 SW2d 657 [Tex Ct App, 2d Dist 1991], citing Texas Rules Crim Evid, 404 [b]; State v Valles, 162 Ariz 1, 780 P2d *636 1049 [1989], citing Arizona Rules Evid, rule 404 [b]; People v Sanders, 103 Ill App 3d 700, 431 NE2d 1145 [1981] [evidence of prior robbery of murder victim admissible with limiting instruction, citing IPI Crim No. 3.14]; People v Harris, 91 Ill App 3d 112, 414 NE2d 755 [1980] [evidence of subsequent robbery against same victims admissible as probative of identity and necessary to explain to the jury why victims made the positive identification of defendant at a relatively late date]; In re Hatfield, 72 Ill App 3d 249, 390 NE2d 453 [1st Dist 1979] [evidence of prior robberies of same victim admissible in delinquency proceeding against appellant as probative of identity]; see also, Commonwealth v Burdell, 176 Pa Super 219, 107 A2d 739 [1954] [evidence of prior extortion of burglary and robbery victim’s husband two days earlier admitted as probative of identity and showing common scheme or plan directed against the same people]; Williams v State, 350 So 2d 707 [Ala 1977] [evidence of subsequent robbery of same victim admissible as evidence of identity]; to the same effect, State v Jones, 26 Ariz App 66, 546 P2d 43 [1976]; but see, People v Butler, 31 Ill App 3d 78, 334 NE2d 448 [2d Dist 1975] [where the court held that reversible error resulted from the prosecution’s elicitation from the witness of numerous unnecessary details of the prior robbery against the same victim committed by defendant. This testimony raised collateral issues which unduly prejudiced the defendant and created the possibility of confusing the jury, although limited evidence of this prior crime would have been properly admitted as part of the narrative of the case and probative of identity].)

(b) Other Crime Perpetrated Against Same Victim Evidences Motive/Intent

New York and other States also recognize that evidence of prior or subsequent crimes committed by the defendant against the same victim is highly probative of motive and/or intent. (See, Scott v State, 190 Ga App 359, 378 SE2d 738 [1989] [evidence that defendant had assaulted the victim, his former girlfriend, even though he had been acquitted of criminal charges based on that act, was admissible in defendant’s prosecution for criminal trespass in the victim’s residence; however, the prosecutor properly did not adduce any evidence that a prosecution resulted from that prior assault]; Mayberry v State, 605 NY2d 244 [Ind Ct App, 4th Dist 1992] [evidence of defendant’s other uncharged forgeries of the victim’s signature to checks against her account both before *637 and after the charged forgeries were relevant to show intent and common scheme]; State v Hudson, 521 SW2d 41 [Mo Ct App, St. Louis Dist 1975]; but see, Getz v State, 538 A2d 726 [Del Sup Ct 1988] [where it was held that evidence of defendant’s two prior sexual contacts with his infant stepdaughter was improperly admitted in his prosecution for rape in violation of Delaware Rules of Evidence, rule 404 (b) as unduly prejudicial propensity evidence].)

(c) Other Crime Perpetrated Against Same Victim Negates Mistake or Accident

In homicide and assault prosecutions, particularly those involving child battering, evidence of other assaults perpetrated against the same victim were admitted in the courts of New York as well as sister States to negate a defendant’s claim that a death or injury was an accident. (People v Holloway, 185 AD2d 646 [4th Dept 1992], lv denied 80 NY2d 1027 [1992]; accord, People v Rolf, 185 AD2d 656 [4th Dept 1992], lv denied 80 NY2d 933 [1992]; People v McNeeley, 77 AD2d 205 [4th Dept 1980]; People v Henson, 33 NY2d 63, 71-73 [1973]; State v Mills, 39 Ore App 85, 591 P2d 396 [1979]; Garner v State, 711 P2d 1191 [Alaska Ct App 1986] [defendant’s prior acts of child abuse against the same victim are admissible in his prosecution for homicide with a cautionary instruction under Alaska Rules of Evidence, rule 404 (b) read in conjunction with rule 403, citing Lerchenstein v State, 697 P2d 312, 315-316 (Alaska Ct App 1985)]; Pharms v State, 476 NE2d 120 [Ind 1985]; State v Humphrey, 412 So 2d 507 [La 1982] [evidence of defendant’s prior abuse of child homicide victims admissible to show intent or guilty knowledge, the "'Hatcher” or the "Prieur” rule, citing State v Hatcher, 372 So 2d 1024 (La 1979), and State v Prieur, 277 So 2d 126 (La 1973)]; see also, La Code Evid Ann, art 404 [b] [1].)
III. NECESSITY OF OTHER CRIME EVIDENCE TO NARRATIVE OF PEOPLE’S CASE
Apart from the Molineux doctrine, a trial court has discretion to permit the introduction of evidence of other crimes on the People’s direct case, where this evidence is inextricably interwoven with the rest of the evidence. In People v Williams (191 AD2d 527, 528 [2d Dept 1993]), references in the officer’s testimony to the effect that the defendant robbery suspect pointed a gun at him (the officer) during the pursuit did not *638 constitute error since "[t]his evidence was integral in linking the defendant to the gun he had purportedly used during the robbery” (citing People v Ventimiglia, supra, and People v Vails, 43 NY2d 364, 369 [1977], supra; see also, People v Jordan, 193 AD2d 890 [3d Dept 1993] [evidence of prior assault on the same murder victim, the defendant’s estranged girlfriend, was admissible; evidence included testimony of the victim’s sister and friends about prior assaults and a "911” tape which recorded the victim and her friends calling the police while the defendant was assaulting the victim]; State v Macone, 593 SW2d 619 [Mo Ct App 1980]; Kilpatrick v State, 51 Ala App 352, 285 So 2d 516 [1973]; State v Webber, 613 A2d 375 [Me 1992] [evidence of subsequent vandalizing of the car of the victim, defendant’s former boyfriend, was admissible in the prosecution of defendant for the arson of the victim’s trailer]; see also, Arcoren v United States, 929 F2d 1235 [8th Cir 1991], cert denied — US —, 112 S Ct 312 [1991] [evidence of prior assault against the victim, defendant’s estranged wife, was admissible in the prosecution of defendant for raping and assaulting her; citing Federal Rules Evid, rule 404 (b) in 28 USC Appendix]).
IV. SUBSEQUENT PERPETRATED CRIME AGAINST SAME VICTIM EVIDENCES CONSCIOUSNESS OF GUILT
The second kidnapping, if linked to the defendant by clear and convincing evidence, amounted to tampering with a witness and would be highly probative of consciousness of guilt. (See, People v Leitzsey, 173 AD2d 488 [2d Dept 1991] [trial court properly permitted the complainant in an attempted robbery prosecution to testify that the defendant had threatened him to induce him to drop the charges]; see also, People v King, 175 AD2d 266 [2d Dept 1991]; People v Whaley, 144 AD2d 510 [2d Dept 1988]; People v Griffin, 126 AD2d 743, 744 [2d Dept 1987]; People v Shilitano, 218 NY 161, 179 [1916], rearg denied 218 NY 702 [1916] [evidence of the attempt by defendant’s agents to intimidate witnesses was admissible as evidence of defendant’s consciousness of guilt].)
V. DUE PROCESS DOES NOT REQUIRE INDICTMENT FOR SUBSEQUENT CRIME AGAINST SAME VICTIM
The defense implies that the People are required by the Constitution’s Due Process Clause to indict the defendant for *639 this second kidnapping. However, virtually all of the reported cases holding subsequent crimes evidence admissible where such crimes were directed against the same victim, assume the irrelevance of the absence of an indictment of the defendant for the subsequent crime. The standard of proof for admission of such evidence is clear and convincing (see, People v Robinson, 68 NY2d 541, supra) and a cautionary instruction is required (supra). These required safeguards ensure due process.
Accordingly, the court will permit the People to introduce the "subsequent crime” evidence with the required limiting instructions, provided the court first finds the proffered testimony adduced outside the jury’s presence clear and convincing.